**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4799

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JESUS SANTIAGO, a/k/a Natalio Reyes, a/k/a Lorenzo Javier
Bautista,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:11-cr-00027-BR-1)

Submitted:  April 24, 2012            Decided:  May 7, 2012

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Yvonne V. Watford-McKinney, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Santiago appeals his sentence of fifty-seven months' imprisonment after pleading guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). Santiago argues that his sentence is procedurally unreasonable because the district court failed to address his arguments for a lesser sentence. He further argues that his sentence is substantively unreasonable because the district court's decision to impose an upward departure was unwarranted. The Government responds that the district court sufficiently addressed Santiago's arguments and that the sentence is substantively reasonable.

This court reviews a sentence for procedural and substantive reasonableness using the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The court first determines whether the sentence is procedurally reasonable, including whether the district court analyzed the arguments presented by the parties and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). The court then reviews for substantive reasonableness and will affirm unless the sentence is an abuse of discretion. A sentence outside of the Guidelines range is not presumed unreasonable. See Gall, 552 U.S. at 51. "When reviewing a departure, we

2

consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010), aff'd on other grounds, 131 S. Ct. 2218 (2011).

At Santiago's sentencing hearing, the Government moved for an upward departure. Santiago argued that his criminal history was adequately accounted for by the Guidelines and that his conduct, characteristics, and prior record did not warrant imposition of an upward departure. The district court determined that Santiago's criminal history category of IV significantly under-represented the seriousness of his criminal history and the likelihood that he would commit future crimes. The court thus imposed an upward departure to a criminal history category of V and a Guidelines range of forty-six to fifty-seven months' imprisonment. The court sentenced Santiago to fifty-seven months' imprisonment.

Initially, we conclude that Santiago's sentence is procedurally reasonable. The district court addressed Santiago's uncontested history of removals and voluntary departure, Santiago's characteristics, and the nature of Santiago's criminal history. The district court's explanation of the selected sentence sufficiently addressed Santiago's arguments for a lesser sentence. Further, the district court

3

did not err in concluding that an upward departure was appropriate, and it properly calculated such departure under U.S. Sentencing Guidelines Manual § 4A1.3 (2010). The sentence is thus procedurally reasonable.

We next conclude that Santiago's sentence is substantively reasonable. The district court determined that Santiago's history of illegally entering the United States, as well as the nature of his prior conduct and criminal history, justified an upward departure of one criminal history category. The extent of the sentencing departure — eleven months — is not excessive or otherwise in error. The sentence is thus substantively reasonable. Because the district court had discretion to impose an upward departure, and because the departure is substantively reasonable, the imposition of a fifty-seven month sentence in this case was not an abuse of discretion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED